UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HOLLYBROOK COTTONSEED PROCESSING, LLC | CIVIL ACTION NO. 09-0750 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CARVER, INC., ET AL. | MAG. JUDGE MARK L. HORNSBY |

MEMORANDUM ORDER

Pending before the Court is a "Motion to Enforce Liability of Surety Pursuant to FRCP 65.1." [Doc. No. 648] filed by Plaintiff Hollybrook Cottonseed Processing, LLC ("Hollybrook"). Hollybrook moves the Court to enforce the liability of Fidelity & Deposit Company of Maryland ("Fidelity"), the surety for Defendant American Guarantee & Liability Insurance Company ("AGLIC"), pursuant to the supersedeas bond filed in the record.

However, since the filing of this motion, on January 23, 2015, AGLIC delivered a check to counsel for Hollybrook via Federal Express in the total amount of $2,296,788.02, which consisted of the judgment amount of $2,070,000, court costs in the amount of $47,326.51, and judicial interest in the amount of $179,461.51.

Notably, on February 10, 2015, the Clerk of Court taxed costs against AGLIC in the total amount of $45,852.20, after disallowing certain of Hollybrook's requested costs for editing of video depositions and for two of their witnesses. [Doc. No. 667].

Rule 65.1 provides as follows:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond . . . each surety submits to the court's jurisdiction and irrevocably appoints the clerk of court as its agent for receiving

service of any papers that affect its liability on the bond . . . . The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Rule 65.1, thus, merely provides a streamlined procedure for enforcing a bond. It does not provide that a prevailing party is entitled to an order compelling the surety to pay up to the contractual obligation, in this case, $2,484,000.00. AGLIC has made payment to Hollybrook in the principal amount of judgment, an amount for interest, and an amount for costs that is $1,474.31 greater than the costs actually taxed. The amount to be awarded to Hollybrook for attorney's fees and the amount of interest remains in dispute and has yet to be determined.

Additionally, AGLIC previously filed a Motion to Reduce Supersedeas Bond [Doc. No. 668], moving the Court to allow it to reduce its bond from $2,484,000.00 to $187,211.98.[1] Hollybrook did not oppose this motion, and it has been granted by the Court. Accordingly,

IT IS ORDERED that Hollybrook's "Motion to Enforce Liability of Surety Pursuant to FRCP 65.1" [Doc. No. 648] is DENIED.

MONROE, LOUISIANA, this 19th day of May, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] This amount is the difference between the original supersedeas bond ($2,484,000.00) and the payment amount paid by AGLIC to Hollybrook ($2,298,788.02).