UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HOLLYBROOK COTTONSEED PROCESSING, LLC,** | **CIVIL ACTION NO. 09-0750** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CARVER, INC., ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

RULING

Pending before the Court is a Motion to Set Pre-Judgment Interest [Doc. No. 662] filed by Defendant American Guarantee & Liability Insurance Co. ("AGLIC"). Plaintiff Hollybrook Cottonseed Processing, LLC ("Hollybrook") opposes the motion. [Doc. No. 673]. AGLIC has filed a reply memorandum in support of the motion. [Doc. No. 678].

Having fully reviewed the memoranda and case law, for the following reasons, AGLIC's Motion to Set Pre-Judgment Interest is GRANTED.

**I.     Facts and Procedural History**

This case was originally tried before a jury in June, 2011, resulting in a verdict in favor of Hollybrook on its redhibition claim. [Doc. No. 459]. Judgment was entered on July 8, 2011. [Doc. No. 480]. On March 22, 2012, Judge Elizabeth Foote issued a Memorandum Order granting Hollybrook's Motion for New Trial on the Issue of Damages only.[1] [Doc. No. 508]. Judge Foote then recused, and the case was reassigned to Judge Donald Walter.

Judge Walter conducted a second trial on damages only. The jury rendered a verdict on April

---

[1] Judge Foote also granted Hollybrook's Oral Motion for Sanctions and denied as moot its Motion for Mistrial and for Judgment as a Matter of Law.

5, 2013, awarding damages to Hollybrook on its redhibition claim in the amount of $6,070,000.00. Of that award, $3,570,000.00 was designated on the verdict form for "Lost profits," $381,042.00 was designated for the purchase price of the equipment, and $2,500,000.00 was designated for "Other compensatory damages, . . . excluding lost profits and purchase price of the equipment." [Doc. No. 596].

On December 27, 2013, after applying a stipulated credit amount $4,000,000.00, Judge Walter entered judgment in favor of Hollybrook and against AGLIC in the amount of $2,070,000.00 on the award of lost profits and other compensatory damages.[2] [Doc. No. 603]. Judge Walter denied an award of attorney's fees to Hollybrook.

Both parties timely appealed to the United States Court of Appeals for the Fifth Circuit. AGLIC appealed Judge Foote's granting of a new trial on damages and the determination on summary judgment that its policy provided coverage. Hollybrook appealed the denial of attorney's fees.

On appeal, the Fifth Circuit affirmed in part, reversed in part, and remanded for further proceedings. The Fifth Circuit affirmed the district court's granting of a new trial on damages and its coverage determination, but reversed the district court's denial of attorney's fees to Hollybrook. The Fifth Circuit then remanded for further proceedings to determine the amount of attorney's fees and if some or all of those fees are excluded under the work/product exclusion of the policies. The mandate issued on January 7, 2015.

On or about January 23, 2015, AGLIC tendered payment to Hollybrook in the total amount

---

[2]The cost of the equipment was not covered by AGLIC's policy and, thus, was not included in the December 27, 2013 Judgment.

of $2,296,788.02, consisting of the judgment amount of $2,070,000.00, court costs in the amount of $47,326.51, and judicial interest in the amount of $179,461.51. The judicial interest included all post-judgment interest, but the payment of pre-judgment interest was based only on the award of other compensatory damages. [Doc. No. 662, p. 2].

On February 5, 2015, AGLIC filed the instant motion. AGLIC contends that Hollybrook is not entitled to recover pre-judgment interest on the portion of the judgment attributable to lost profits. Specifically, AGLIC contends that Hollybrook is not entitled to recover pre-judgment interest on lost **future** profits. Since the jury's award of damages of lost profits did not distinguish between the types of lost profits awarded, and Hollybrook did not appeal the listing of "lost profits" as a single category on the verdict form, AGLIC argues that Hollybrook cannot recover pre-judgment interest on any portion of the damages award attributable to lost profits.

Hollybrook opposes AGLIC's motion. Hollybrook argues that this lawsuit was brought under state redhibition law and that, under Louisiana law, it is entitled to recover pre-judgment interest from the original breach of contract or, at the least, from the date of judicial demand. Hollybrook contends that the precedent establishes its entitlement to pre-judgment interest, without regard to whether the lost profits were future or past. Finally, Hollybrook argues that AGLIC's reliance on federal case law is misplaced when this issue is one of interpretation of state law.

In a reply memorandum, AGLIC does not dispute that pre-judgment interest is generally awarded in a redhibition case. Instead, AGLIC points out that there are no Louisiana cases discussing the award of pre-judgment interest on future lost profits, and, thus, the Court should rely on the persuasive authority of the cited federal cases.

**II.     Law and Analysis**

In a diversity case, such as this, pre-judgment interest is determined by state law. *See Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1472 (5th Cir. 1993). Thus, the Court relies on Louisiana law to determine whether Hollybrook is entitled to recover pre-judgment interest and, if so, in what amount.

A rehibitory action is contractual in nature. *See Alexander v. Burroughs Corp.*, 359 So.2d 607, 612 (La. 1978) (redhibition action "has a contractual rather than a delictual source"); *see also Davis v. LeBlanc*, 149 So.2d 252, 254-55 (La. App. 3rd Cir. 1963) (an action in rehibition sounds in contract, not deliction, "because of the defendant's violation of certain obligations assumed by him as a result of his entering into a contract of sale, although the defendant's conduct may have violated also a general duty owed by him to the plaintiffs."). A prevailing plaintiff in a redhibition action can recover pre-judgment interest on its award of damages, including lost *past* profits, from the date its "claim was ascertainable," either judicial demand or when a defendant was put in default by the plaintiff (in that case by a formal written demand). *Alexander*, 359 So.2d at 613-14.

It is clear that a prevailing plaintiff in an *ex delicto* action can recover pre-judgment interest on all damages under Louisiana Revised Statute 13:4203, but no state court has addressed the issue of whether pre-judgment interest is recoverable on lost *future* profits in *ex contractu* actions. AGLIC cites the Court to a federal district court case in the Eastern District of Louisiana, where the court held that the plaintiff in an *ex contractu* action could not recover pre-judgment interest on future damages. In *Walle Corp. v. Rockwell Graphics Sys., Inc.*, No. CIV. A. NO. 90-2163, 1992 WL 245963 (E.D. La. Sept. 21, 1992), the district court explained that the "purpose of pre[-]judgment interest is to compensate for the plaintiff's loss of use of his money," and, thus, "[t]o allow a plaintiff

to recover pre[-]judgment interest on future damages would contradict this purpose because this award consists of money that the plaintiff would not have had the use of until after judgment." *Id.* at *9. Although, as AGLIC acknowledges, the plaintiff in *Walle* was awarded pre-judgment interest on his lost profits on appeal, the Fifth Circuit based its reversal on the fact that the plaintiff had an action for fraud, not just rehibition, and the fraud claim, which is delictural, permitted him to recover all pre-judgment interest under LA. REV. STAT. 13:4203.

The Court agrees with the analysis of the district court in *Walle*. In a redhibition action, a plaintiff cannot recover pre-judgment interest on lost *future* profits because he is not entitled to compensation for loss of use of money he would not have had until judgment. Further, as Plaintiff, Hollybrook bore the burden of proof as to all elements of damages. *See Winston v. Flamingo Casino*, 99-0209 (La. App. 4 Cir. 9/22/99), 746 So.2d 622, 624. It is undisputed that Hollybrook put on evidence at trial of lost past **and** future profits. The jury verdict form is ambiguous as to whether one type or both types of profit losses were awarded. Hollybrook's failure to seek clarity, at the district court or on appeal, on the type(s) of lost profits awarded places this Court in the position of guessing the jury's intent. The Court declines to do so. *See Brister v. A.W.I., Inc.*, 946 F.2d 350, 362 (5th Cir. 1991) (district court "not compelled to speculate as to how the jury would have apportioned the damages if it had been asked to do so.").

### III. Conclusion

For the foregoing reasons, AGLIC's Motion to Set Pre-Judgment Interest [Doc. No. 662] is GRANTED. Hollybrook is awarded pre-judgment interest of $176,297.56 on the December 27, 2013 Judgment, the amount of pre-judgment interest attributable to the "Other compensatory

damages" awarded in the jury's verdict form.[3]

MONROE, LOUISIANA, this 17th day of June, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3]The Court accepts AGLIC's calculation of pre-judgment interest from the date of judicial demand, as set forth on pages 6-7 of its memorandum. [Doc. No. 662, pp. 6-7]. Hollybrook did not provide the Court with an alternative calculation.