UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HOLLYBROOK COTTONSEED PROCESSING, LLC** | **CIVIL ACTION NO. 09-0750** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CARVER, INC., ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Pending before the Court is a "Motion for Statutory Penalties and Attorney Fees Pursuant to La. R.S. 22:1892(A)(4)" ("Motion for Statutory Penalties") [Doc. No. 649] filed by Plaintiff Hollybrook Cottonseed Processing, LLC ("Hollybrook"). Pursuant to La. Rev. Stat. 22:1892(A)(4) and (B)(1), Hollybrook moves the Court for an award against Defendant American Guarantee & Liability Insurance Company ("AGLIC") of statutory penalties in the amount of 50% of the judgment, plus reasonable attorney's fees. AGLIC opposes the motion, contending that it is contrary to law.

For the following reasons, Hollybrook's Motion for Statutory Penalties is DENIED.

**I.    PERTINENT FACTS AND PROCEDURAL BACKGROUND**[1]

In 2006, Hollybrook renovated a cotton gin to manufacture biodiesel, cotton lint, and cottonseed meal. In December 2006, Hollybrook began its operation with equipment purchased from various manufacturers, including (1) $381,042 worth of equipment from Lummus Corporation and Carver, Inc., and Carver-Gump ("Carver"); (2) $807,707 worth of equipment from Insta Pro

---

[1] This case has a long and complicated procedural history. The Court recounts that history in this Ruling, however, in light of the nature of the instant motion.

International, Triple F, Inc., and Heartland Agri Partners, LLC ("Triple F"); and (3) $197,395 worth of equipment from Andritz Sprout, a division of Andritz, Inc. ("Andritz").

Hollybrook's plant operated unprofitably until March 14, 2008, when the plant caught fire, and Hollybrook ceased operations and closed the plant.

On February 5, 2009, Hollybrook commenced this lawsuit against the three groups of manufacturers: Carver[2], Triple F, and Andritz. Hollybrook brought suit for breach of contract and in redhibition, alleging that the equipment all contained rehibitory defects.

On May 7, 2009, Defendants removed the case to this Court.

On October 28, 2009, in its First Amended Complaint, Hollybrook added Michigan Millers Mutual Insurance Company ("MMMIC"), the insurer of Triple F, as a Defendant.

On August 27, 2010, Hollybrook filed a Second Amended Complaint naming Carver's primary insurer, Sentry Insurance Company, and its secondary insurer, AGLIC, as defendants under the Louisiana's Direct Action Statute, LA. REV. STAT. 22:1269. Hollybrook later settled with Carver and Sentry.

As a result of Court rulings and settlement, Heartland, Triple F, and MMMIC were all dismissed. [Doc. Nos. 32, 33, 131 & 137]. Because no claims remained against it, Insta Pro was terminated as a party on August 12, 2010.

After the Court granted summary judgment and dismissed Hollybrook's claims against Andritz in redhibition and under the Louisiana Civil Code, Hollybrook settled with Andritz.

On September 14, 2010, the case was reassigned from the undersigned to Judge Elizabeth

---

[2]In their Answer, the Carver Defendants pointed out that Carver-Gump is merely a division of Carver, Inc., not a separate entity.

Foote of the Shreveport Division.

Prior to trial, on January 25, 2011, Judge Foote held that the AGLIC policy provided coverage for Hollybrook's claims.

In February, 2011, Hollybrook settled with all remaining Defendants except AGLIC. It was stipulated that, because of the settlement, any damages the jury awarded to Hollybrook, and which the Court determined to be covered by the policies of insurance, would be reduced by a $4,000,000 credit.

An 11-day trial was held from June 6 through June 20, 2011. During trial, AGLIC's counsel elicited testimony about a settlement offer in violation of a pre-trial evidentiary ruling. Hollybrook objected and moved for a mistrial. Judge Foote gave a curative instruction and polled the jury for an assurance that they could ignore that improperly admitted evidence. She later sanctioned counsel, finding his conduct to be intentional. The jury returned a verdict in favor of Hollybrook in the amount of $1,750,000, much less than the claimed damages.

Hollybrook moved for a new trial on grounds that the AGLIC's counsel had tainted the jury. Judge Foote granted the motion because of the close fit between the jury's damage award and the settlement offer and ordered a new trial on damages only. Judge Foote then recused. AGLIC hired new counsel.

This case was then assigned to Judge Donald Walter of the Shreveport Division. Judge Walter conducted the second trial on damages only with AGLIC's new counsel participating. At the conclusion of that trial, the jury returned a verdict in favor of Hollybrook for over $6,000,000, consisting of $3,570,000 for lost profits, $381,042 for the purchase price of the Carver equipment, and $2,500,000 for other compensatory damages.

After post-trial briefing, on December 30, 2013, Judge Walter affirmed Judge Foote's determination that the AGLIC policy provided coverage, but ruled that attorney's fees were not damages under the policy. [Doc. No. 602]. A judgment was entered against AGLIC in the amount of $2,070,000, plus costs and interests. [Doc. No. 603].

Both parties timely appealed. [Doc. Nos. 607 & 610]. AGLIC appealed the district court's grant of a new trial and the Court's summary judgment determination that the policy provided coverage. [Doc. No. 610]. Hollybrook appealed the denial of attorney's fees. [Doc. No. 607].

On January 23, 2014, Judge Walter granted AGLIC's motion to stay execution of the judgment during the pendency of the appeal, subject to the posting of a supersedeas bond. [Doc. No. 613]. On January 27, 2014, AGLIC posted a supersedeas bond in the amount of $2,484,000.00.

On November 26, 2014, the Fifth Circuit ruled that there was no error in the district court's granting of a new trial or its determination that the jury's damage award was covered under the applicable insurance policy, but that the district court incorrectly determined that Hollybrook's attorney's fees were not covered by the policy. [Doc. No. 644]. Accordingly, the Fifth Circuit affirmed in part, reversed in part, and remanded for further proceedings to determine the amount of attorney's fees and if some or all of those fees are excluded under the work/product exclusion of the policies. *Id.*

On December 10, 2014, AGLIC filed a petition for panel rehearing. The petition was denied on December 30, 2014.

The Fifth Circuit's mandate issued on January 7, 2015.

On remand, the parties filed several motions, including the instant motion. On January 26, 2015, the case was again reassigned from Judge Walter to the undersigned.

That same day, AGLIC made a payment to Hollybrook of $2,296,788.02, consisting of the jury's $2,070,000 damages verdict, $47,326.51 in costs, $176,297.56 in pre-judgment interest, and $3,163.95 in post-judgment interest.

On February 17, 2015, AGLIC filed a memorandum in opposition to the Motion for Statutory Penalties [Doc. No. 671]. On March 2, 2015, Hollybrook filed a reply memorandum [Doc. No. 674]. Finally, on March 19, 2015, with leave of Court, AGLIC filed a sur-reply [Doc. No. 681].

## II. LAW AND ANALYSIS

Louisiana Revised Statute 22:1892(A)(4) and (B)(1) provide as follows:

> [A.](4) **All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim**.
>
> . . .
>
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or **failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim**, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, **shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater,** payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

(emphasis added).

Under these statutory provisions, an insurer "owes its insured a duty of good faith and fair

dealing." *Daniels v. Imperial Fire and Cas. Ins. Co.*, No. 47,572-CA (La. App. 2d Cir. 1/16/13), 109 So.3d 32, 34. Because the statute is penal in nature, the Court must strictly construe its provisions. *Id.* (citations omitted). If an insurer fails to pay a claim or make a written offer after a "satisfactory proof of loss," then the insured or, as in this case, a third party claimant can recover the statutory penalties provided only if the insured or third party claimant proves that the insurer's failure to pay or make an offer was "arbitrary, capricious, or without probable cause." *Id.* (citing *Jones v. Johnson*, 45,847 (La. App. 2d Cir. 12/15/10), 56 So.3d 1016, 1021); *see also Kodrin v. State Farm Fire & Cas. Co.*, 314 Fed. App'x 671, 679 (5th Cir. 2009) (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003)). If there are "substantial, reasonable and legitimate questions as to the extent of the insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious, or without probable cause." *Id.* (citing *La. Bag Co., Inc., v. Audubon Indem. Co.*, 2008-0453 (La. 12/02/08), 999 So.2d 1104, 1114). An insurer's alleged "[a]rbitrariness is a question of fact to be decided by the jury." *Citadel Broadcasting Corp. v. Axis U.S. Ins. Co.*, No. 2014–CA–0326 (La. App. 4 Cir. 02/11/15), 162 So.3d 470, 476 (citing *Coig v. Gregoire*, 07–1296, p. 4 (La. App. 4 Cir. 4/9/08), 989 So.2d 786, 789).

Hollybrook admits that the liability and damages issues in this case were "quite" or "very complex." [Doc. No. 649, p. 5]. Thus, Hollybrook does not contend that AGLIC was arbitrary in refusing to pay the claim through the trial and appeal process. However, Hollybrook argues that the amount due under the judgment was fully ascertainable after the Fifth Circuit rendered its opinion on November 26, 2014, and AGLIC acted arbitrarily and capriciously in failing to make any payment

until two months later on January 26, 2015.[3]  Hollybrook noted that counsel for AGLIC had taken the position that it owed pre-judgment interest only on a portion of the Judgment, not the entire amount, but contended AGLIC's position was not supported by the case law and that its position and supporting authority had been provided to AGLIC.[4]

In its opposition memorandum, AGLIC argues that its failure to pay the judgment until January 26, 2015, does not violate § 1892 for several reasons.  First, AGLIC argues that § 1892's statutory penalties apply only to "*claims*, not *judgments*," and, therefore, Hollybrook cannot prove a violation  based on AGLIC's failure to pay the judgment within thirty days of the Fifth Circuit's November 26, 2014 opinion.  [Doc. No. 671, pp. 2, 4].  Citing *Easterling v. Monroe City Sch. Bd.*, 27,295 (La. App. 2d Cir. 1/14/96), 666 So.2d 1279, AGLIC asserts that the "Louisiana Second Circuit Court of Appeal has already addressed this exact issue and held that a 'claim does not refer to a final judgment within the context of insurance.'"  [Doc. No. 671, p. 5 (quoting 666 So.2d at 1282) (additional internal quotation marks omitted)].  Next, AGLIC argues that an insurer's duty with regard to third-party claims is that it make an "offer to settle," not that it make a payment of the claim upon proof of loss.  Further, AGLIC argues that Hollybrook is attempting to circumvent the Court's January 23, 2014 Order and Rule 62 of the Federal Rules of Civil Procedure, both of which stayed AGLIC's duty to pay the judgment until final resolution of the appeal.  Finally, AGLIC points out that it did pay Hollybrook within thirty days of the issuance of the Fifth Circuit's mandate.

---

[3]Hollybrook filed its motion on January 20, 2015, pointing out that no payment had been made at that time.  It is undisputed, however, that AGLIC issued a payment of $2,296,788.02 to Hollybrook on January 26, 2015.

[4]Hollybrook had also filed motions for the issuance of a Writ of *Fieri Facias* and to have the surety bond made executory because of AGLIC's failure to pay the judgment.  However, the Court denied both motions in light of AGLIC's subsequent payment.  [Doc. Nos. 682 & 683].

Hollybrook filed a reply memorandum. Hollybrook argues that it clearly brought claims against AGLIC, and there was adequate proof of loss over which "reasonable minds could no longer differ" once the Fifth Circuit issued its November 26, 2014 Opinion. [Doc. No. 647, p. 3]. Hollybrook dismisses the *Easterling* case as a "red herring" because the main focus of the opinion was on a separate insurance penalties statute, not the precursor to § 1892, and that, at any rate, the opinion predated the 2003 amendment of § 1892 to provide protection to third parties. Finally, citing *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, No. 11-1355 (La. App. 3d Cir. 4/4/12), 88 So.2d 1245, Hollybrook argues that § 1892 clearly provides third party claimants with the right to obtain statutory penalties and attorney's fees once four requirements are met: "(1) that the insured was at fault, (2) that the fault gave rise to damages, (3) the extent of those damages; and (4) that the damages were covered under the policy." [Doc. No. 674, p. 5]. Since these four elements were met once the Fifth Circuit's Opinion issued, Hollybrook asserts that AGLIC was then obligated by § 1892 to pay the judgment, and its failure to do so entitles Hollybrook to recover penalties of 50% of the total due, plus reasonable attorney's fees. Otherwise, Hollybrook claims that an insurer could "remain arbitrary and capricious through the litigation process until it is cast in judgment." *Id.*

With leave of Court, AGLIC responded in a sur-reply memorandum. AGLIC contends that Hollybrook's characterization of the *Easterling* case is baseless. AGLIC admits that the issue in that case was whether to award penalties to a plaintiff for delayed payment of a judgment under LA. REV. STAT. 22:1220 (redesignated as LA. REV. STAT. 22:1973 in 2008), but argues that the decision is still authoritative because the Second Circuit specifically analyzed LA. REV. STAT. 22: 658, which was amended and redesignated as § 1892 in 2008. The *Easterling* holding that a claim does not mean a judgment remains a valid interpretation of all provisions of the Insurance Code, regardless of the

recodification or the fact that third parties were later granted limited rights under its provisions. Further, though urging the Court not to consider arguments raised for the first time in a reply, AGLIC responds to Hollybrook's argument that the judgment constituted "proof of loss." AGLIC points out that Hollybrook has not and cannot point to a single case where a judgment constituted proof of loss for the award of statutory penalties under § 1892. AGLIC likewise urges the Court to reject Hollybrook's policy arguments, raised for the first time in its reply memorandum, as both inaccurate and inapposite. Finally, AGLIC argues, again, that it properly complied with the Federal Rules of Civil Procedure and with this Court's stay order by paying the Judgment within thirty days of the issuance of the Fifth Circuit's mandate.

Because the Court is sitting in diversity, the substantive law of Louisiana applies. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Under that law, the Court finds that § 1892 is inapplicable, and Hollybrook is not entitled to the relief requested. In reaching this determination, the Court is guided by the Second Circuit's *Easterling* decision. Although the primary focus of the opinion was on another statutory penalties provision in the Insurance Code, the Second Circuit specifically examined both the statute at issue, La. Rev. Stat. 22:1220 (now La. Rev. Stat. 22:973), and "other sections of the Insurance Code," including the predecessor to § 1892. In its analysis, the Second Circuit described the two penalties statutes as "very closely related" and specifically found that, under § 1892 (then known as § 658), "**the term 'claim' as used in the insurance context simply does not mean judgment**." 866 So.2d at 1282 (emphasis added). The Second Circuit then held that its "reading of [La. Rev. Stat.] 22:1220 **and other insurance statutes** clearly establishes that 'claim' does not refer to a final judgment within the context of insurance." *Id.* (emphasis added). As the

9

Louisiana Supreme Court has observed, "[t]he conduct prohibited" by these penalty statutes[5] . . . "is virtually identical." *Reed v. State Farm Mut. Auto. Ins. Co.*, No. 2003-C-0107 (La. 2003), 857 So.2d 1012, 1020 (citing *Calogero v. Safeway Ins. Co. of La.*, 99–1625, p. 7 (La. 1/19/00), 753 So.2d 170, 174). Even after amendment and renumbering of § 1892, the Court finds no authority that calls the *Easterling* decision into question or suggests that its holding is no longer valid.[6] Thus, Hollybrook is not entitled to the relief sought under § 1892, and its Motion for Statutory Penalties could be denied on this basis alone.

Alternatively, even if § 1892 were otherwise applicable, Hollybrook had no duty to pay the judgment within thirty days of the Fifth Circuit's November 26, 2014 opinion. The Fifth Circuit is clear that its decisions "are 'not final until we issue a mandate.'" *United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008) (quoting *Charpentier v. Ortco Contractors*, 480 F.3d 710, 713 (5th Cir. 2007). Thus, this Court's stay order remained in effect, and AGLIC had no obligation to pay the judgment any earlier than January 7, 2015. It is undisputed that AGLIC paid the judgment within thirty days of the mandate, i.e., within thirty days of the date the Fifth Circuit's opinion was final.

Finally, even after the mandate issued, the parties disputed the amount of pre-judgment interest. On June 17, 2015, the Court issued a Ruling [Doc. No. 684] granting AGLIC's Motion to Set Pre-Judgment Interest and finding that the amount of pre-judgment in this case was properly set at $176,297.56, the amount calculated by AGLIC and paid on January 26, 2015. Thus, at least in

---

[5]The Louisiana Supreme Court cites to the old statutes, LA. REV. STAT. 22:658 and LA. REV. STAT. 22:1220.

[6]Although not determinative, the Court also finds it notable that the case law clearly contemplates the submission of a § 1892 claim to the fact finder. In this case, the claims were presented to the jury, so, procedurally, it is unclear how such a post-judgment claim for statutory penalties would be addressed.

part, there remained a legitimate question as to the amount of damages AGLIC was required to pay to Hollybrook until the Court rendered its ruling on the issue of pre-judgment interest.[7]

### III.    CONCLUSION

For the foregoing reasons, Hollybrook's Motion for Statutory Penalties is DENIED.

MONROE, LOUISIANA, this 31st day of July, 2015.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[7] Although the parties raised other arguments, given its conclusions, the Court need not reach those arguments.