UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HOLLYBROOK COTTONSEED PROCESSING, LLC | CIVIL ACTION NO. 09-0750 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CARVER, INC., ET AL. | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a "Motion for Attorney['s] Fees" [Doc. No. 646] filed by Plaintiff Hollybrook Cottonseed Processing, LLC ("Hollybrook"). Hollybrook moves the Court to award it attorney's fees consistent with the contingency fee agreement it entered into with its counsel. Defendant American Guarantee & Liability Insurance Company ("AGLIC") opposes the motion.

For the following reasons, Hollybrook's Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART.

**I.      FACTS, PROCEDURAL BACKGROUND, AND APPELLATE OPINION**

In 2006, Hollybrook renovated a cotton gin to manufacture biodiesel, cotton lint, and cottonseed meal. In December 2006, Hollybrook began its operation with equipment purchased from various manufacturers, including $381,042 worth of seed cleaners, de-linters, and a Hi-Cel lint cleaner from Lummus Corporation and Carver.

Hollybrook's plant operated unprofitably until March 14, 2008 when the plant caught fire, and Hollybrook closed operations.

On February 5, 2009, Hollybrook commenced this lawsuit against three groups of manufacturers. One of the groups was Carver-Gump and Carver Lummus ("Carver").

On May 7, 2009, Defendants removed the case to this Court.

On August 27, 2010, Hollybrook filed a Second Amended Complaint naming Carver's primary insurer, Sentry Insurance Company ("Sentry"), and its secondary insurer, AGLIC, a defendants under the Louisiana's Direct Action Statute, La. R.S. 22:1269. Hollybrook later settled with Carver and Sentry.

On September 14, 2010, the case was reassigned to Judge Elizabeth Foote.

On January 25, 2011, Judge Foote held that the AGLIC policy provided coverage for Hollybrook's claims.

By February 2011, Hollybrook had either dismissed or settled with all remaining Defendants except AGLIC. Because of the settlements, the parties agreed that any damages the jury awarded to Hollybrook and which the Court determined to be covered by the policies of insurance would be reduced by a $4,000,000 credit.

An 11-day trial was held from June 6 through June 20, 2011. During trial, AGLIC's counsel elicited testimony about a settlement offer, and Hollybrook moved for a mistrial. Judge Foote gave a curative instruction and polled the jury for an assurance that they could ignore the improperly admitted evidence. She later sanctioned counsel, finding his conduct to be intentional. The jury returned a verdict in favor of Hollybrook in the amount of $1,750,000, much less than the claimed damages.

Hollybrook moved for a new trial on grounds that AGLIC's counsel had tainted the jury. Judge Foote granted the motion because of the close fit between the jury's damage award and the settlement offer and ordered a new trial on damages only. Judge Foote then recused. AGLIC hired new counsel.

Judge Donald Walter conducted the second trial on damages only with AGLIC's new counsel participating. At the conclusion of that trial, the jury returned a verdict in favor of Hollybrook for over $6 million, consisting of $3,570,000 for lost profits, $381,042 for the purchase price of the Carver equipment, and $2,500,000 for other compensatory damages, if any, excluding lost profits and purchase price of the equipment.

After post-trial briefing, Judge Walter affirmed the determination that the AGLIC policy provided coverage, but ruled that attorney's fees were not damages under the policy. A judgment was entered against AGLIC in the amount of $2,070,000, plus costs and interests.

Both parties appealed. AGLIC appealed the district court's grant of a new trial and the Court's summary judgment determination that the policy provided coverage. Hollybrook appealed the denial of attorney's fees.

On appeal, the Fifth Circuit ruled that there was no error in the district court's grant of a new trial or its determination that the jury's damage award was covered under the applicable insurance policy, but that the district court incorrectly determined that Hollybrook's attorney's fees were not covered by the policy. Accordingly, the Fifth Circuit affirmed in part, reversed in part, and remanded for further proceedings to determine the amount of attorney's fees and if some or all of those fees are excluded under the work/product exclusion of the policies.

In its Opinion, the Fifth Circuit stated:

> [AGLIC's] policy required it to "pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' included within the 'products-completed operations hazard.'" The relevant question in this case is whether the attorney's fees were "damages" caused by property damage. Because the policy does not define the word "damages" it is given its ordinary meaning, and any ambiguity must be resolved against the insurer in favor of coverage. *See, e.g., Reynolds v. Select Props., Ltd.*, 634 So. 2d 1180, 1183 (La. 1994).

3

> Under Louisiana law, attorney's fees ordinarily are not recoverable unless specifically authorized by statute or contract. *See Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 763 (La. 1985); *Russ Herman*, 1 La. Prac. Pers. Inj. § 5:14 (2014). In a redhibition suit attorney's fees are expressly allowed. *See* LA. CIV. CODE ART. 2545. State law provides that a manufacturer of a defective product may be found liable to the buyer of the product in a redhibition action for "the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees." *Id.* (emphasis added).
>
> . . .
>
> As noted above, the policy requires [AGLIC] to pay all "sums" that Carver becomes "legally obligated" to pay as "damages." There is no dispute that Carver, the insured, would be legally obligated to pay Hollybrook's attorney's fees under article 2545. **We conclude from the foregoing that the attorney's fees in this redhibition action are properly included within Hollybrook's damages and the district court erred by refusing to characterize them as included within the policy's insuring agreement**. [AGLIC] argues that even so, the fees are excluded by the work product exclusion of the policy. **In a redhibition action a work product exclusion may preclude coverage of attorney's fees where the consequential damages directly result from the alleged defective workmanship.** *See, e.g., Swarts v. Woodlawn, Inc.*, **610 So. 2d 888, 891 (La. Ct. App. 1992). As noted above, at least some of the damages awarded by the jury for the price of the Carver equipment were properly excluded from Hollybrook's recoverable damages. We leave to the district court what portion, if any, of the attorney's fees are attributable to those excluded damages and may therefore also fall under the exclusion.**

[Doc. No. 644, pp. 7-9] (emphasis added).

The Fifth Circuit's mandate issued on January 7, 2015.

On remand, the parties filed several motions. On January 26, 2015, the case was reassigned from Judge Walter to the undersigned.

That same day, AGLIC made a payment to Hollybrook of $2,296,788.02, consisting of the jury's $2,070,000.00 damages verdict, $47,326.51 in costs pursuant to Hollybrook's Bill of Costs, $176,297.56 in pre-judgment interest, and $3,163.95 in post-judgment interest.

Briefing is complete on the pending motion, and the Court is now prepared to rule.

**II.    LAW AND ANALYSIS**

A successful plaintiff in a rehibition action may recover reasonable attorney's fees incurred in bringing the action if the seller knew or should have known of the defect in the object or thing that was subject of the sale. LA. CIV. CODE ART. 2545; *See Linoski v. Fleetwood Homes of Texas #12*, 38,338 (La. App. 2d Cir. 05/12/04), 873 So.2d 886. However, "attorneys' fees may be awarded only: '[I]nsofar as those fees relate to the recovery of purely economic loss. This is because much of the proof of a "vice" for redhibition recovery overlaps with proof of a defective product for tort purposes. . . . courts in such suits should be careful to realistically allocate recovery costs between the personal injury and economic loss portions of the claim.'" *Safeco Ins. Co. of America v. Chrysler Corp.*, 2001-1641 (La. App. 3 Cir. 7/31/2002), 834 So.2d 1026, 1047 (citing FRANK L. MARAIST & THOMAS C. GALLIGAN, JR., LOUISIANA TORT LAW § 15-6 (1996)).

In determining whether requested attorney's fees are reasonable for a redhibition action, Louisiana courts apply the factors set forth in Rule 1.5(a) of the Rules of Professional Conduct, including:

> (1) the time and labor required, the novelty or difficulty of the issues, and the skill required to properly perform the legal services; (2) the likelihood, if apparent to the client, that the matter will preclude other employment; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and results obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer; and, (8) whether the fee is fixed or contingent.

*Mayfield v. Reed*, 981 So.2d 235, 241 (La. App. 2 Cir., 2008); *see also Rivet v. State, Dep't. of Transp. & Dev.*, 680 So.2d 1154, 1161 (La. 1996) (Listing the factors as: "(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of

money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge."). Although these factors must be considered, they do not limit a court's discretion in awarding attorney's fees. *See Fontenot v. F. Hollier & Sons,* No. 85-288 (La. App. 3 Cir.,1985), 478 So.2d 1379, 1389 (citation omitted).

Courts "are not bound by the terms of a contingency fee contract when awarding attorney's fees." *LeBlanc v. Mercedes-Benz of North America, Inc.*, 633 So.2d 399, 404 (La. App. 3 Cir., 1994) (citing *Ralston v. Connecticut Gen. Life Ins. Co.*, 617 So.2d 1379 (La. App. 3rd Cir. 1993); Louisiana State Bar Articles of Incorporation, Art. 16; and Rules of Professional Conduct, Rule 1.5). On the other hand, a court may award attorney's fees pursuant to a contingency agreement, as long as the requested fee is "reasonable." *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 703-04 (5th Cir. 2007) (In a redhibition action, the Fifth Circuit found that the district court did not abuse its discretion in awarding fees based on a contingency agreement because "an attorney-client contract is relevant to the . . . determination of a fee award . . . and Louisiana Courts regularly uphold attorney's fees pursuant to a contingency fee contract as long as the fees are reasonable.") (citing *Rivet*, 680 So.2d at 1162 n.8) (other citations omitted).[1] Nonetheless, such a determination is difficult "when there is no record of how much actual time" the attorney spent on the case. *Id.*

The case law "illustrates awards of attorney's fees both larger and smaller than the main demand in redhibition." *Dailey v. The Home Furnishings Store*, 857 So.2d 1051, 1060 (La. App.

---

[1] In *Alston*, the Fifth Circuit had reversed an award of mental anguish damages and, thus, the case was remanded for a new attorney's fees determination in light of the reduced award. 480 F.3d at 704.

4 Cir., 2003). The "determination is fact sensitive." *Id.*

In this case, Hollybrook settled with Carver and its primary insurer, Sentry, for a sum of $2,900,00 and received attorney's fees of $966,666.66. Because there was an issue of whether one or two primary policies applied based on the argument that damages occurred in two separate policy years, Hollybrook and AGLIC agreed that AGLIC would be credited $4 million before its policy limits applied.

The jury, after crediting AGLIC $4 million per the parties' stipulation, awarded damages in the amount of $2,070,000, plus judicial interest. Hollybrook now moves the Court for a total award of attorney's fees of $1,800,875, based on a contingency fee of 33% of all sums collected, including all attorney's fees. In addition to the $966,666.66 already paid in attorney's fees, Hollybrook now seeks an additional $834,207.92, which is 33% of the $2,502,623.77 it alleges is due on the judgment with judicial interest.

In support of its motion, Hollybrook cites to the April 14, 2009 contingency fee agreement between Hollybrook and its counsel, as amended on March 22, 2010. [Doc. No. 646, Exhibits 1 & 2]. Under the modified agreement, the parties agreed to a contingency fee of 33%.[2] Hollybrook argues that it did not have the financial means to pursue this lawsuit were it not for the contingency fee agreement. Hollybrook argues further that attorney's fees in the amount of 33% of the recovery is reasonable in this case given the responsibility incurred by its counsel, staffed only with two attorneys and one paralegal, in accepting and handling this case on a contingency basis.

Hollybrook argues further that other factors also support its request for a contingency fee

---

[2] Hollybrook and its counsel had originally agreed to a fee of 40%, but later amended the agreement to a reduced fee of 33% of the recovery.

amount as reasonable attorney's fees. Hollybrook's counsel both have extensive litigation experience, and Mr. Ward, in particular, has previously obtained many large jury verdicts in favor of his clients. In this case, Hollybrook was represented by two lawyers, but faced opposition from Carver and its insurers, Sentry and AGLIC, who were represented by twenty-three different lawyers from eight different law firms. Hollybrook offers affidavits and billing records to support its contention that counsel spent over 3,000 hours pursuing this redhibition case. [Doc. No. 646, Exhs. 3, 6 & 7]. During the pendency of this case, over 40 depositions were taken, Carver and its insurers' discovery efforts yielded 8,891 pages of documents, AGLIC listed 500 exhibits in the second trial on damages, and the case record on appeal contained over 30,000 pages. [Doc. No. 646, Exh. 4]. Counsel tried the case, at various stages, before three district judges, as well as before the Fifth Circuit. In fact, at the time this motion was filed, this Court's docket sheet contained over 640 entries. Counsel for Hollybrook contend that they were called upon to address significant legal and factual issues, in additional to the liability and quantum issues. At the end, counsel was able to obtain to recover millions of dollars for Hollybrook through settlement and the trial and appeal process, and the case resulted in an important decision by the Fifth Circuit on the issue of insurance coverage for attorney's fees in redhibition cases.

AGLIC responds that Hollybrook seeks an excessive amount of attorney's fees because it is only entitled to recover attorney's fees from AGLIC for its work on the rehibition claim against Carver. AGLIC denies that Hollybrook's recovery of 33% of the entire judgment is a reasonable recovery, contending that its recovery should be limited to the actual hours expended by counsel on this claim and at a reasonable market rate. AGLIC contests Hollybrook's recovery of time spent on other claims and other defendants. Alternatively, if the Court finds that Hollybrook can recover on

a contingency basis, AGLIC argues that it can only recover 1/3 of $2,296,788.02 for a recovery of no more than $765,596.00 in attorney's fees.

First, based on the Court's prior rulings, Hollybrook's judgment amount is incorrect. AGLIC has properly paid Hollybrook $2,296,788.02, which consists of the jury's $2,070,000 damages verdict, $47,326.51 in costs, $176,297.56 in pre-judgment interest, and $3,163.95 in post-judgment interest.

From this starting point, the Court now considers a reasonable fee for this recovery. From the procedural history in this Ruling as well as others in this case, it is clear to all involved that this was a complicated case, and there can be no doubt that Hollybrook's counsel received favorable results for their client. A large amount of money was at issue, and this is the type of case that not all attorneys would have the skill or the financial resources to take on a contingency basis. Further, this case has been ongoing since 2009, requiring appearances and briefing by counsel in district courts in Monroe and Shreveport and in the Fifth Circuit over a six-year period. Moreover, counsel has provided some billing records to support Hollybrook's claims, along with the affidavits of counsel. The Court is well aware that contingency fees of 33% are standard in cases, and, in fact, attorneys usually seek a higher percentage, usually 40%, if the case goes to trial, much less two trials and an appeal. In light of all the facts and circumstances in this case, the Court finds that Hollybrook's recovery of 33% of the award as attorney's fees under its contingency agreement is reasonable in this case.

Finally, as the Fifth Circuit instructed, "a work product exclusion may preclude coverage of attorney's fees where the consequential damages directly result from the alleged workmanship." [Doc. No. 644, p. 9 (citation omitted)]. AGLIC argues that Hollybrook made no attempt to separate

or reduce its attorney's fees which should be precluded pursuant to the work product exclusion. However, in its reply memorandum, Hollybrook makes clear that its calculation already excluded the return of the purchase price (excluded both by stipulation and the work product exclusion) and that its billing statements were also edited to remove excludable amounts.

After full consideration of the record, the Court finds that Hollybrook is entitled to recover reasonable attorney's fees in the amount of $757,940.05, which the Court finds to be 33% of the $2,296,788.02 judgment against AGLIC.[3]

## III. CONCLUSION

For the foregoing reasons, Hollybrook's Motion for Attorney's Fees [Doc. No. 646] is GRANTED IN PART and DENIED IN PART.  To the extent that Hollybrook moves for an award of attorney's fees based on its contingency fee agreement, the motion is GRANTED.  To the extent that Hollybrook requests attorney's fees in the amount of $834,207.92, the motion is DENIED. Judgment is hereby entered in favor of Hollybrook and against AGLIC for reasonable attorney's fees in the amount of $757,940.05.

MONROE, LOUISIANA, this 23rd day of September, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] In its memorandum, AGLIC stated that if the Court were to apply the contingency fee agreement, Hollybrook could recover $765,596.00 in attorney's fees.  However, this amount appears to have been calculated by dividing the $2,296,788.02 judgment by 3.  The contingency fee agreement specifically provides for Hollybrook's attorneys to receive "33% of the gross recovery and the client [to] receive 67%." [Doc. No. 646, Exh. 2].