UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HOLLYBROOK COTTONSEED PROCESSING, LLC** | **CIVIL ACTION NO. 09-0750** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CARVER, INC., ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Pending before the Court is a "Motion for New Trial" [Doc. No. 691] filed by Plaintiff Hollybrook Cottonseed Processing, LLC ("Hollybrook"). Although styled a Motion for New Trial, Hollybrook moves the Court to alter or amend its September 23, 2015 Judgment on Hollybrook's Motion for Attorney's Fees, pursuant to Federal Rule of Civil Procedure 59(e). Defendant American Guarantee & Liability Insurance Company ("AGLIC") opposes the motion.

For the following reasons, Hollybrook's Motion for New Trial is GRANTED IN PART and DENIED IN PART.

**I.   FACTS, PROCEDURAL BACKGROUND, AND APPELLATE OPINION**

The Court recounted the relevant facts, procedural background, and the appellate opinion in its September 23, 2015 Ruling [Doc. No. 689]. For the sake of brevity, the Court incorporates that section of its Ruling herein.

**II.   LAW AND ANALYSIS**

   **A.   Standard of Review**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of its entry. FED. R. CIV. P. 59(e). Although the rule itself does not provide

the bases for altering or amending a judgment, case law has recognized three grounds: (1) an intervening change in the law, (2) newly discovered evidence, (3) correction of clear or manifest error of law or fact. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534-35 (5th Cir. 2015) *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182-84 (5th Cir. 2012); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

### B. Award of Attorney's Fees

Hollybrook does not assert a change in the law or rely on newly discovered evidence. Instead, it argues that the Court's award of attorney's fees of $757, 940.05 was manifest error. Hollybrook argues that it should have been awarded attorney's fees of $1,724,606.71, the total of (1) the $966,666.66 in attorney's fees paid by Hollybrook out of its $2,900,000.00 settlement with Defendant Carver, Inc. ("Carver") and its primary insurer, Sentry Insurance Company ("Sentry")[1] and (2) $757,940.05, which is 33% of the $2,296,788.02 judgment against AGLIC.

In support of its motion, Hollybrook argues that the Fifth Circuit's opinion is clear that attorney's fees are damages, and AGLIC entered into a stipulation whereby it agreed that Hollybrook had the right to pursue "'all claims against AGLIC for damages and which are based upon alleged acts . . . of Carver . . to the extent that any such damages are determined to be covered under the

---

[1] According to the affidavit of Hollybrook's counsel, Lisa Condrey, Hollybrook's payment of $966,666.66 to counsel "represented 33% of the sum collected [$2,900,000.00] in accord with contingency fee agreement[.]" [Doc. No. 691-2, Condrey Affidavit, ¶ 5]. That is incorrect. Counsel was entitled to receive attorney's fees of "33% of the gross recovery." [Doc. No. 646, Exh. 2]. If Hollybrook settled with Carver and Sentry for the exact amount of $2,900,000.00, then 33% of that amount is $957,000.00. It appears that Mr. Ward and Ms. Condrey have been paid attorney's fees of 1/3 of the settlement (1/3 of $2,900,000.00 = $966,666.66). If Hollybrook and counsel have reached agreement for Hollybrook to pay this additional amount of $9,666.66, then it is not the business of the Court. However, to the extent that Hollybrook argues that it should be permitted to recover 33% of the settlement amount as attorney's fees from AGLIC, the Court will use the correct figure of $957,000.00.

policies of insurance issued by Sentry . . . and/or AGLIC.'" [Doc. No. 691, p. 3 (quoting Doc. No. 397) (emphasis deleted)]. As Carver was responsible for all amounts in settlement and awarded by the jury, Hollybrook argues that AGLIC is entitled only to the credit agreed upon of $4,000,000.00, but is otherwise responsible for all damages, including a 33% contingency fee award on the entire amount collected of $5,196,788.02. Thus, Hollybrook believes that the Court committed manifest error of law by failing to award $1,714,940.05 in attorney's fees.[2]

AGLIC opposes Hollybrook's motion. AGLIC argues that the Court considered and rejected Hollybrook's request for attorney's fees on the total award, that Hollybrook improperly seeks a double recovery of attorney's fees, and Hollybrook seeks an award of attorney's fees beyond what is reasonable. Finally, AGLIC argues that Hollybrook's motion misconstrues the rulings of this Court and the Fifth Circuit in that this Court never found that an award of 33% on all amounts was reasonable, and the Fifth Circuit did not direct this Court to require AGLIC to pay "any and all possible attorney's fees." [Doc. No. 693, pp. 2, 6].

In its Reply, Hollybrook reiterates some of its argument and points out that the Court incorrectly stated that it settled with Carver and Sentry "'for a sum of $2,900,00[0.00] and received attorney's fees of $966,666.66.'" [Doc. No. 694, p. 2 (quoting Doc. No. 689, p. 7) (emphasis deleted)]. Hollybrook argues that AGLIC is attempting to benefit from the Court's error, when the stipulation entered into by the parties clearly permitted it to pursue reimbursement for the attorney's fees paid to counsel out of its settlement with Carver and Sentry.

---

[2]Hollybrook contends that the amount is actually $1,724,606.71, but this, again, is based on its erroneous calculation that $966,666.66 is 33% of the settlement amount of $2,900,000.00 when that amount is actually $957,000.00. The Court has subtracted this overpayment of $9,666.66.

3

First, the Court clarifies and corrects its misstatement in the Ruling on the Motion for Attorney's Fees that "Hollybrook settled with Carver and its primary insurer, Sentry, for a sum of $2,900,00[0.00] and received attorney's fees of $966,666.66." [Doc. No. 689, p. 7]. It is clear from the record that Hollybrook received a settlement from Carver and Sentry in the total amount of $2,900,000.00, and, out of that settlement, paid its counsel $966,666.66. To this extent, Hollybrook's Motion for New Trial is GRANTED, and the record stands corrected.

However, as AGLIC argues, the Court specifically rejected Hollybrook's contention that it should be awarded "attorney's fees of $1,800,875, based on a contingency fee of 33% of all sums collected, including all attorney's fees." *Id.* Instead, after considering the Fifth Circuit's opinion, the parties' arguments, and relevant case law, the Court ruled that "Hollybrook's recovery of 33% of the [jury's] award [ultimately calculated as $2,296,788.02],[3] as attorney's fees under its contingency agreement is reasonable in this case." [Doc. No. 689, p. 9]. The Court stands by that determination.

The Court agrees with Hollybrook that it **could** have received 33% (not 1/3)[4] of the entire amount collected in settlement and as a jury award as attorney's fees, but nothing in the Fifth Circuit's opinion required that result. The Fifth Circuit found AGLIC to be obligated under its policy to pay those sums that Carver was "legally obligated to pay as damages because of . . . 'property damage.'" [Doc. No. 644, p. 7]. Because "Carver, the insured, would be legally obligated

---

[3]The jury awarded $6,070,000, but that award was reduced by $4,000,000, pursuant to the parties' stipulation. AGLIC paid Hollybrook $2,296,788.02, which consists of the jury's $2,070,000 damages verdict (after reduction), $47,326.51 in costs, $176,297.56 in pre-judgment interest, and $3,163.95 in post-judgment interest.

[4]When expressed in a percentage, ⅓ is equal to 33 ⅓ %, not 33%.

to pay Hollybrook's attorney's fees under article 2545," the attorney's fees in this redhibition action are properly included within Hollybrook's damages." [Doc. No. 644, p. 9]. Therefore, AGLIC was obligated to pay Hollybrook's attorney's fees as part of its damages, except on those damages awarded by the jury for the price of the Carver equipment. The Fifth Circuit then remanded to this Court to determine "what portion, if any, of the attorney's fees are attributable to those excluded damages and may therefore also fall under the exclusion" **and** for "further proceedings." *Id.*

As part of those "further proceedings," this Court was charged under precedential case law, which was cited in its prior Ruling, with determining a reasonable attorney's fee.[5] That is exactly what the Court did. Hollybrook sought a contingency fee based on the entire amount it had collected from Carver, Sentry, and AGLIC. AGLIC argued in opposition that the Court should not award a contingency fee, but should award attorney's fees based on the hours expended (and accounted for) and using a reasonable rate. In the alternative, AGLIC argued that the Court should award the contingency fee only on the amount of the judgment paid by AGLIC to Hollybrook.

Considering all of the these arguments and applying the precedential authority on the award of attorney's fees, for the reasons stated in its previous Ruling, the Court found that AGLIC's alternative argument had merit and awarded reasonable attorney's fees of $757,940.05, 33% of the $2,296,788.02 judgment against AGLIC. The Court again finds that to be the case.

A contingency fee agreement is a factor in determining reasonable attorney's fees, but the Court is not bound by that agreement. [Doc. No. 689, p. 6 (citing relevant cases)]. Instead, in this case, the Court balanced the complexity of the case, the risk undertaken by counsel, and significant

---

[5]In other words, the Fifth Circuit determined Hollybrook's entitlement to attorney's fees as damages, but this Court was charged with determining what constituted a reasonable fee.

5

length of the litigation against the fact that the records provided by Hollybrook's counsel were limited and AGLIC had properly raised objections to Hollybrook's recovery of time spent on other claims and other defendants. The Court would have acted within its discretion to perform a line by line analysis of the limited billing records provided and awarded fees only on those hours accounted for, which were not duplicative, and which were properly attributed to the claims against Carver. However, the Court had concerns such an award would have failed to adequately account for the other factors favoring a greater award to Hollybrook. Therefore, the Court found that a contingency fee of 33% awarded on the judgment amount actually paid by AGLIC properly balanced these interests and provided a reasonable attorney's fee to Hollybrook.[6] Hollybrook has not persuaded this Court differently. Thus, to the extent that Hollybrook moves the Court for recovery of a greater award of attorney's fees, its Motion for New Trial is DENIED.

### C. Judicial Interest

Finally, Hollybrook notes that the Court's Judgment failed to address judicial interest and argues that it is entitled to the same. AGLIC responds that Hollybrook failed to request judicial interest, and, thus, the Court's Judgment should not be altered or amended to include interest.

To this extent, the Court agrees with Hollybrook. It is clear that attorney's fees are recoverable as damages in a rehibition action, and a damages award is subject to interest. In a diversity case, such as this, pre-judgment interest is determined by state law and post-judgment interest is determined by federal law. *See Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986

---

[6] The Court would note that, even after payment to counsel of $966,666.66 and not including the attorney's fees awarded, Hollybrook has recovered $4,230,121.36 from Carver, Sentry, and AGLIC. The Court's calculation of Hollybrook's recovery does not take into account the settlements Hollybrook made with all the other defendants prior to trial.

F.2d 1463, 1472 (5th Cir. 1993); *Chapman & Cole v. Itel Container Int'l.*, 865 F.2d 676, 689 (5th Cir. 1989). Under Louisiana law, interest on an attorney's fees award is due from the date of judgment. *See Alexander v. Burroughs Corp.,* 359 So.2d 607 (La. 1978); *Cajun Elec. v. Owens-Corning Fiberglass*, 616 So.2d 645 (La. 1993). Thus, there is no pre-judgment interest. Post-judgment interest is awarded from the date of judgment on the Motion for Attorney's Fees until paid, at the rate determined pursuant to 28 U.S.C. § 1961.

The Court awarded attorney's fees to Hollybrook on September 23, 2015. AGLIC asserts, and Hollybrook does not dispute, that it paid the Court's award of attorney's fees of $757,940.05 on October 7, 2015. To the extent that Hollybrook moves for an award of interest, its Motion for New Trial is GRANTED. AGLIC must pay post-judgment interest for the fourteen days between September 23 and October 7, 2015, in the amount of $118.94.

## III. CONCLUSION

For the foregoing reasons, Hollybrook's Motion for New Trial [Doc. No. 691] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent that the Court clarifies and corrects its Ruling on Hollybrook's Motion for Attorney's Fees. Hollybrook's settlement with Carver and Sentry totaled $2,900,000.00, out of which Hollybrook paid attorney's fees in the amount of $966,666.66. However, the motion is DENIED to the extent that Hollybrook seeks a greater award of attorney's fees. After reconsideration, the Court stands by its previous ruling that an award of $757,940.05 constitutes reasonable attorney's fees as part of the damages in this matter. The motion is further GRANTED to the extent that Hollybrook seeks an award of judicial interest on the award of attorney's fees. Hollybrook is awarded post-judgment interest of $119.19[7] for the time

---

[7] Under 28 U.S.C. § 1961(a), interest accrued at 0.41% on the principal of $757,940.05 for 14 days, which totals $119.19. *See* http://postjudgmentinterest.com

period between the Court's September 23, 2015 Judgment and the date payment was made by AGLIC of attorney's fees on October 7, 2015.

MONROE, LOUISIANA, this 21st day of December, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE